**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VIRMARY ROSARIO PINEIRO,**

      **Plaintiff,**

v.                                                                **Case No:   6:20-cv-238-Orl-LRH**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

      **Defendant.**

**MEMORANDUM OF DECISION**

Virmary Rosario Pineiro ("Claimant") appeals the Commissioner of Social Security's ("Commissioner") final decision denying her applications for disability benefits. (Doc. 1). The Claimant raises a single argument challenging the Commissioner's final decision and, based on that argument, requests that the matter be reversed and remanded for further proceedings. (Doc. 21 at 11-13, 17). The Commissioner argues that the Administrative Law Judge ("ALJ") committed no legal error and that his decision is supported by substantial evidence and should be affirmed. (*Id.* at 13-18). Upon review of the record, the Court finds that the Commissioner's final decision is due to be **REVERSED** and **REMANDED** for further proceedings.

**I.   Procedural History**

This case stems from the Claimant's September 2016 applications for disability insurance benefits and supplemental security income, in which she alleged a disability onset date of September 2, 2016. (R. 261-73). The applications were denied on initial review and on reconsideration. The matter then proceeded before an ALJ, who held a hearing on October 31, 2018. (R. 37-81). The Claimant and her representative attended the hearing. (*Id.*). On February 19, 2019, the ALJ

entered a decision denying the Claimant's applications for disability benefits. (R. 10-21). The Claimant requested review of the ALJ's decision, but the Appeals Council denied her request. (R. 1-3). This appeal followed.

## II.   The ALJ's Decision

The ALJ performed the five-step evaluation process set forth in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4) in reaching his decision.[1] First, the ALJ found the Claimant met the insured status requirements of the Social Security Act through December 31, 2018, and that she has not engaged in substantial gainful activity since the alleged onset date. (R. 12). The ALJ next found that the Claimant suffers from the following severe impairments: degenerative disc disease of the cervical and lumbar spine; left wrist impairment; headaches; depression; and, anxiety disorder. (R. 13). The ALJ, however, found that none of the Claimant's impairments, individually or in combination, met or medically equaled any listed impairment. (R. 13-14).

The ALJ found that the Claimant has the residual functional capacity ("RFC") to perform sedentary work as defined by 20 C.F.R. §§ 404.1567(a) and 416.967(a),[2] with the following additional limitations:

The claimant can occasionally stoop, kneel, crouch, or crawl. The claimant can

---

[1] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). The five steps in a disability determination include: (1) whether the claimant is performing substantial, gainful activity; (2) whether the claimant's impairments are severe; (3) whether the severe impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to his or her past relevant work; and (5) based on the claimant's age, education, and work experience, whether he or she could perform other work that exists in the national economy. *See generally Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920.

[2] Sedentary work is defined as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

> never climb ladders, ropes, or scaffolds and occasionally climb ramps or stairs. The claimant should avoid exposure to hazards, such as heights or machinery with moving parts. The claimant can frequently handle and finger with the left upper extremity. The claimant is unable to perform[ ] any production rate pace work. The claimant can occasionally tolerate changes in a routine work place setting. The claimant is likely to be absent from work on an unscheduled basis one day per month.

(R. 14). In light of this RFC, the ALJ found that the Claimant is unable to perform her past relevant work. (R. 19). The ALJ, however, found that the Claimant could perform other work in the national economy, including work as a charge account clerk, document preparer, call out operator, and surveillance system monitor. (R. 19-20). Accordingly, the ALJ concluded that the Claimant was not disabled between her alleged onset date (September 2, 2016) through the date of the decision (February 19, 2019). (R. 21).

### III. Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

IV.     Analysis

The Claimant raises a single issue on appeal – the ALJ erred by not explaining why he rejected state agency medical consultant Dr. Ronald Machado's opinion that she needed to periodically alternate between sitting and standing. (Doc. 21 at 12-13). Considering the parties' respective arguments, the Court agrees with the Claimant.

The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis*, 125 F.3d at 1440. In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the medical opinions of treating, examining, and non-examining medical sources. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012).[3]

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. §§ 404.1527(c), 416.927(c).

The opinion of a non-examining physician is generally entitled to little weight and, "taken alone, do[es] not constitute substantial evidence." *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985). Regardless of the medical opinion's source, the ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned. *Winschel*, 631

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

F.3d at 1179. The failure to state the weight with particularity or articulate the reasons in support of the assigned weight prohibits the Court from determining whether the ALJ's ultimate decision is rational and supported by substantial evidence. *Id*.

Dr. Machado completed a physical RFC assessment on December 19, 2016, in which he opined that the Claimant could: occasionally lift/carry twenty (20) pounds; frequently lift/carry ten (10) pounds; sit for about six (6) hours in an eight-hour workday; stand/walk for about six (6) hours in an eight-hour workday; must periodically alternate between sitting and standing to relieve pain and discomfort; and was unlimited in her ability to push and/or pull. (R. 126-129). Dr. Machado further opined that the Claimant could occasionally do the following: climb ramps/stairs/ladders/ropes/scaffolds, balance, stoop, kneel, crouch, and crawl; and could perform limited fine manipulation with the left arm. (*Id.*). This assessment essentially limited the Claimant to performing less than a full range of light work as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b).[4]

The ALJ considered Dr. Machado's assessment but gave it little weight "based on the claimant needing continued medical care for her back pain and wrist pain." (R. 18). Considering the ALJ's RFC determination, she clearly disagreed with Dr. Machado's opinion that the Claimant could perform light work, instead finding that she is limited to the more-restrictive sedentary work. However, as the Claimant argues, it is unclear what the ALJ thought of Dr. Machado's opinion that the Claimant must periodically alternate between sitting and standing, as that limitation is nowhere

---

[4] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. §§ 404.1567(b), 416.967(b).

mentioned in the RFC, and that limitation was not posed to the vocational expert. (*See id*.). The Claimant contends this is error because the ALJ should have explained why he omitted that limitation from the RFC determination. (Doc. 21 at 12-13 (citing Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996); SSR 96-9p, 1996 WL 374185 (July 2, 1996)).

The issue the Claimant raises is unique – arguing an error by an ALJ for not including or discussing a limitation raised by a medical expert, even where the ALJ rejected the medical expert's opinion in favor of finding *more restrictive* limitations. And neither party has cited to any case authority where a similar situation arose. However, this issue does seem to share some hallmarks of another issue commonly seen by the Court, and indeed may be the mirror opposite of it.

The Court is often faced in a Social Security appeal with a situation where an ALJ assigns great weight to a medical opinion but fails to explain why he or she did not include or account for all of the limitations therein. In those cases, courts explain that while an ALJ is not required to include every limitation from a medical opinion into the RFC determination because the opinion was given great weight, *e.g.*, *Ross v. Comm'r of Soc. Sec.*, No. 6:15-cv-1764-Orl-DCI, 2017 WL 1180004, at *7 (M.D. Fla. Mar. 30, 2017), the ALJ must still provide a sufficient, reasoned explanation as to why he or she chose not to include certain limitations in the RFC determination. *E.g. Id*. (citing *Winschel*, 631 F.3d at 1179 ("It is possible that the ALJ considered and rejected these two medical opinions, but without clearly articulated grounds for such a rejection, we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence."); *see also Monte v. Astrue,* No. 5:08-cv-101-Oc-GRJ, 2009 WL 210720, at *6-7 (M.D. Fla. Jan. 28, 2009) (An "ALJ cannot reject portions of a medical opinion without providing an explanation for such a decision.")). With these principles in mind, courts often find the lack of explanation for omitting a limitation from an opinion given great weight frustrates its ability to meaningfully

determine whether the ALJ's decision to omit the limitation is supported by substantial evidence and, thus, is cause for reversal. *See, e.g.*, *Ross*, 2017 WL 1180004, at *7; *Postell v. Comm'r of Soc. Sec.*, No. 6:13-cv-313-Orl-GJK, 2014 WL 793328, at *2 (M.D. Fla. Feb. 27, 2014).

In the absence of any authority on all fours with the present scenario, the Court finds the above precedent instructive and persuasive in this case. For here, the opposite has occurred; the ALJ gave Dr. Machado's opinion little weight. However, the same type of error is asserted – that in order to assign little weight, the ALJ had to explain why he failed to address or consider certain limitations, and in this case the ALJ did not provide such explanation. It would seem that in the absence of any explanation, the Court is equally frustrated in its ability to meaningfully determine whether the ALJ's decision is supported by substantial evidence.

The ALJ rejected Dr. Machado's opinion because the physician found the Claimant's continued treatment for back and wrist pain supported greater limitations (R. 18), namely a limitation to sedentary work. Although it seems the same logic could support a sit-stand limitation (and the Court expresses no opinion on that matter one way or another), the ALJ appears to have found the Claimant was not so limited. Like the cases discussed above, the ALJ did not provide any reasoning in support of his implicit rejection of Dr. Machado's opinion that the Claimant must periodically alternate between sitting and standing. While the ALJ was not required to include that limitation in the RFC determination, particularly since he rejected Dr. Machado's opinion because it was not restrictive enough, the Court finds that he was still required to explain why that limitation was not included or accounted for in the RFC determination. *See Winschel*, 631 F.3d at 1179; *Monte*, 2009 WL 210720, at *6-7.

The sole reason the ALJ gave for rejecting Dr. Machado's opinion does not appear to be supportive of his implicit rejection of the sit-stand option. Accordingly, the Court is left to

speculate why the sit-stand option was omitted from the RFC determination. The Court, however, is prohibited from doing so, *see Bloodsworth*, 703 F.2d at 1239 (the court may not reweigh evidence or substitute its judgment for that of the Commissioner), and, therefore, cannot meaningfully determine whether the ALJ's implicit decision to reject Dr. Machado's opinion that the Claimant needed a sit-stand option is supported by substantial evidence. Consequently, the Court cannot say that the ALJ's RFC determination is supported by substantial evidence.

Notwithstanding the foregoing, the Commissioner appears to argue that the RFC determination is supported by substantial evidence and, as a result, the ALJ did not commit error by implicitly rejecting Dr. Machado's opinion that the Claimant needed to periodically alternate between sitting and standing. (*See* Doc. 21 at 14-15, 17). In support, the Commissioner cites to the ALJ's discussion of evidence about the Claimant's physical and mental impairments. (*Id*. at 14-15). None of the discussion highlighted by the Commissioner directly relates to the need for a sit-stand option, nor was it given as a reason in support of the ALJ's implicit rejection of that limitation (*see* R. 18). Accordingly, the Commissioner appears to be tendering a *post hoc* explanation in support of the ALJ's decision to reject Dr. Machado's opinion in favor of a sit-stand option. The Court, however, is not permitted to consider such *post hoc* rationalizations in evaluating the ALJ's decision. *See Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). To make such assumptions would necessarily require the Court to reweigh the evidence, which is prohibited. *See Phillips*, 357 F.3d at 1240 n.8 (stating that the district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"). Accordingly, the Commissioner's first argument is unpersuasive.

The Commissioner also appears to argue that any error is harmless because a limitation to sedentary work accounts for a sit-stand option. (Doc. 21 at 16 (citing 20 C.F.R. §§ 404.1567(a), 416.967(a)). The regulations defining sedentary work, however, are silent as to whether a sit-stand option is inherent to such work. 20 C.F.R. §§ 404.1567(a), 416.967(a). The Court therefore looks to the Social Security Administration's ("SSA") interpretive ruling in SSR 96-9p, which explains its policies regarding the impact of an RFC assessment for less than a full range of sedentary work on an individual's ability to do other work. SSR 96-9p, 1996 WL 374185, at *1.[5] The ruling contains a section setting forth "guidelines for evaluating the ability to do less than a full range of sedentary work," which is broken into two categories: exertional limitations and restrictions; and, non-exertional limitations and restrictions. *Id*. at *5-9. Relevant here, the category addressing exertional limitations and restrictions is broken into the following five subparts: lifting/carrying and pushing/pulling; standing and walking; sitting; alternate sitting and standing; and, medically required hand-held assistive device. *Id*. at *6-7. The category addressing "alternate sitting and standing" provides:

> An individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically. Where this need cannot be accommodated by scheduled breaks and a lunch period, the occupational base for a full range of unskilled sedentary work will be eroded. The extent of the erosion will depend on the facts in the case record, such as the frequency of the need to alternate sitting and standing and the length of time needed to stand. The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing. It may be especially useful in these situations to consult a vocational resource in order to determine whether the individual is able to make an adjustment to other work.

---

[5] An SSR is an "agency ruling[ ] published under the authority of the Commissioner of Social Security" and is "binding on all components of the Administration." *Sullivan v. Zebley*, 493 U.S. 521, 530 n.9 (1990) (internal quotation marks omitted). Although the Court is not bound by SSRs, they are afforded deference. *See Fair v. Shalala*, 37 F.3d 1466, 1469 (11th Cir. 1994).

*Id*. at *7. The foregoing makes clear that an individual limited to sedentary work *may* need a sit-stand option. The use of the word "may" demonstrates that a sit-stand option is not inherent in sedentary work, but a separate limitation. Further, the foregoing passage indicates that the inclusion of a sit-stand option may erode the number of available sedentary jobs. For these reasons, the Court cannot say that the omission of a sit-stand option from the RFC determination is harmless both because it is not inherent in sedentary work, and because its inclusion could further reduce the number of sedentary jobs the Claimant can perform in the national economy, which may result in a finding of disability. Accordingly, the Commissioner's contention that the error is harmless is unpersuasive.[6]

In summary, the Court finds the ALJ erred by not explaining why he rejected Dr. Machado's opinion that the Claimant needed to periodically alternate between sitting and standing. The matter will be reversed and remanded for further proceedings.

## V. Conclusion

Accordingly, it is **ORDERED** that:

1. The Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. §

---

[6] The Commissioner appears to take issue with the fact that Dr. Machado did not specify the frequency with which the Claimant would need to alternate between sitting and standing. (*See* Doc. 21 at 16). To the extent the Commissioner suggests that such an omission is fatal to Dr. Machado's opinion, he has not cited any authority in support of that outcome. That said, the Court recognizes that SSR 96-9p states that an RFC that includes a sit-stand limitation "must be specific as to the frequency of the individual's need to alternate sitting and standing." SSR 96-9p, 1996 WL 374185, at *7. Notably, this does not require the medical source to articulate the frequency. Instead, SSR 96-9p places that burden on the ALJ, who is both responsible for determining the claimant's RFC, *Phillips*, 357 F.3d at 1238, and has the benefit of considering all evidence of record in order to determine the proper sit-stand frequency. Accordingly, the fact that Dr. Machado did not articulate a definite frequency with which the Claimant would need to alternate between sitting and standing does not render the ALJ's error harmless.

    405(g).

2. The Clerk is **DIRECTED** to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

**DONE** and **ORDERED** in Orlando, Florida on March 8, 2021.

*[signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Kevin J. Detherage
Administrative Law Judge
Office of Hearings Operations
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801